you whenever you're ready. My name is Ann Reardon, counsel for the appellant, Mr. Ferguson. Your honor, the district court committed an error of law and refused to consider all the reasons that my client submitted to be considered as extraordinary and compelling in this case. The district court misunderstood its discretion. It stated that this was a 2255 or it construed them as a 2255 and refused to get to them. McCoy tells us differently. McCoy tells us that any reason can be an extraordinary and compelling reason that the district court can consider. The district court has to consider all the reasons. They don't have to qualify. He doesn't have to agree with them, but he at least has to consider them. The government in this case is asking. Mr. Ferguson have raised the reasons he raised before the district court in his compassionate release motion. Could he have raised those issues on a direct appeal? Yes, your honor. Some of those he could. Did he? Some of those he did. And some he did not. Right, all right. So those that he did have already been rejected on direct appeal? Some of those have, yes. Could he have raised the 2255 petition? Not all of them, your honor. He could not have raised them. But some of them he could have? Some of them he could have. Did he? He didn't. I don't believe he raised all of them. I don't, and I can't tell you exactly. So for those that he raised in 2255, those have been rejected? Well, your honor. And those that he didn't are out of time? That's correct. Some are out of time, yes, your honor. So isn't this argument for compassionate release just a workaround of what he couldn't accomplish via direct appeal in a 2255 petition? No, your honor, because the compassionate release motion is a distinct and separate statute from a 2255. They're very different. And you said that some of the arguments had been raised. Excuse me, Judge Stacker, go ahead. Go ahead. Oh, I'm sorry. You said that some of the arguments hadn't been raised before. Which arguments had not been raised in a direct appeal or habeas petition? I don't believe he raised the one that we raised under O'Brien. I'm not sure. I don't believe that was raised. And also, I don't believe he could raise the argument that was raised in Spencer, United States versus Spencer, which was about whether or not the improper application of the guidelines. I don't think that could be written from the 2255. But your honor, what could it be on direct appeal? Could it be? Okay, but it wasn't or he lost one or the other. Your honor, I think, did you have a question, Judge Wilkinson? No, I did not. What was it? I just thought you had a question, your honor. Oh, I did have a question. It was to really to follow up on your question the thing I've never been able to figure out is why this is anything other than a successive habeas petition. And they call it artful pleading, but it's not. It's transparently disingenuous pleading. But you say, well, the First Step Act is a separate statute from 2255. But where does that get you? That doesn't mean that the whole scheme that Congress set out of direct appeal and petition for certiorari and collateral review was somehow set aside. There's nothing in the First Step Act or in the notion of compassionate relief that indicates Congress just wished to chuck and jettison all of his prior carefully elaborated handiwork in 2255. It's just an excessive habeas petition. You're just bypassing all the limitations that Congress has set forth. Your honor, we do not agree because it's not a successive. There are two different schemes or statutes with fundamental differences. A 2255 challenges the validity of a sentence, but a compassionate release does not challenge that conviction. 2255 is based on error, but a compassionate release is based on discretion. The court can still deny it. You're raising errors in your conviction. You have raised Fifth and Sixth and I thought that the compassionate relief was to speak to developments that were after the conviction, post-conviction, that didn't have anything to do with the soundness or the validity of the conviction. The chief one of those that I've seen raised is the individual's age and the individual's health and maybe the length of service. Those are post-conviction developments. You're raising an argument of validity of the conviction based on Fifth and Sixth Amendment grounds. That's a different kettle of fish. Your honor, the sentencing commission guideline itself says that the foreseeability of any condition does not mean that it is barred from being raised. This is a totally statute based on discretion. It's a narrow exception to the rule of finality. There's such a high standard with the extraordinary and compelling criteria that that prevents the rule being swallowed up by the exception. Additionally, your honor, at 28 CFR 944T, the sentencing commission is charged with, quote, shall describe what shall be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a specific example. Government's bright line rule where they want you to say what can and can't be considered in a motion of confession is going to effectively hogtie the sentencing commission because the sentencing commission now has a forum and now is going to answer this. Well, of course, the district court can consider a motion for compassionate relief. The question is whether in the course of that consideration, the district court is also empowered to look at the substantive constitutional claims, the Fifth and Sixth Amendment claims that you say renders your conviction infirm. Of course, as it's as has been pointed out, you had numerous attempts and in fact, you have had numerous attempts to attack your conviction. My gosh, they go on and on and on. And all of a sudden, because those numerous attempts were unavailing, you've gone into a compassionate release mode and there you seem to me to have to deal at least with the guideline in 1B1.13, which says presumptively compassionate relief or extraordinary and compelling reasons are when somebody is 70 years old and has served at least 30 years in prison. I don't think that's the only reason because I think if someone is in a dreadful state of health, that might be another matter even if you're less than 70 years old. But I just come back that after years of failure, you decided to latch on to this new vehicle. But the fact that you have been unable to obtain relief through the normal habeas process and the normal 2255 process doesn't mean that you've established extraordinary and compelling reasons for this altogether different vehicle. Your Honor, the court has to look at that. There are many cases that, in fact, the First Circuit just looked at this issue in two cases, United States versus Trinkler and the United States which is versus Buford-Cobbler. And they both said that they were both characterized by the government as a 2255. And in both of those cases, the court gave relief stating that this is a different statute. And so you have to take a holistic approach to this and look at what they described as the complex of circumstances. It requires an individualized approach. Under this bright line rule that the government wants the court to adopt, basically it means that no one who's ever filed a 2255 or Rule 60 can file a motion for compassionate release. And we know that's not what happens. Are those two First Circuit cases you just mentioned, are they in your briefs? They are not, Your Honor. I am sorry, they are not. I can give you the sites for those. I'd be happy to do that. Yeah, that would probably be helpful since they're not in your briefs. Sorry. And I found them just recently. Do you want to cite this now or? You can. I think a 28-J letter afterwards would suffice and would give the government fair opportunity to respond to things you're raising for the first time today. But there in McCoy, McCoy had filed four previous 2255 motions and they were not, his complaints were not deemed to be a success of the 2255. But the difference in McCoy is that none of those issues were like plausibly raised on direct appeal or collateral attack, right? I mean, those are, my sentence is really, I mean, you know, the court says is the extraordinary length of the sentence, right? And that is, despite sometimes the claim, that's not an issue we address on direct appeal, right? Your sentence is lawful and reasonable, but it's just really long. And there's a non-retroactive statute that if you were sentenced today, you would receive a lower sentence, but has no applicability to your sentence. We would, those are non-cognizable either on direct appeal or 2255. And so McCoy says, you know, those types of things, right? For why you should get out of prison. Yes, you get, those are things that a court can consider, but it's not to say that you get an end run around the limitations of habeas. And we say the same thing in the context of like rule 60 motions that attempt to circumvent habeas limitations. We have a whole line of cases that say you don't get to do that. Yes, rule 60 is a different rule than section 2255, but that doesn't matter. You don't get to do the end run. Help me understand why. I don't think McCoy helps you. And it seems like to me, the cases addressing rule 60 undermine your idea that like, as long as there's a different number, it doesn't matter. Your honor, one of the reasons in this case is the extraordinary long sentence that my client received. He received 765 months, which was reduced to 622 months. And had he argued that the extraordinarily long sentence that I received is a reason that you, is an extraordinary and compelling reason. It strikes me that that would be something that the district court was entitled to consider. That's not the argument he made. Your honor, he did make that argument. I'm sorry. That is one of the reasons. That's not, okay. He, he included that, but the point we're talking about is whether you can consider these habeas based issues, right? Which are the silencer issue, the legal changes, right? And the changes in the law, as you're alleging them, what I would say is collateral attacks on his conviction and sentence. The question is whether those can be considered. Your honor, I believe they can be considered as part of the whole. That's not, I'm not, we're not asking the court to rule on that or to say that those convictions were invalid, but that's part of the whole. He also, besides the extraordinary long sentence, he was a criminal category one. He had only had a prior conviction for carrying a weapon. It was down in a vehicle when he was on government property up in DC. He received a $50 fine. That's all that he had for that, your honor. We also pressed claims of the, of his health, which the court did. That was the only, the only reason that the court even looked at it, refused to even look at the rest. It didn't look at his rehabilitation. He's been in prison for 17, 18 years. He's never had one infraction at all. And he has taken classes. He has family support. He has a release plan, your honor. So, and also the disparity of sentences between what he got and what his co-defendants got. The most that one of them received was 420 months. But then if you're just getting back into the, like, those are all arguments that are available on direct appeal, right? So the 3553A factors weren't appropriately calculated because there was a disparity in sentence, right? That's exactly the type of issue, like ineffective assistance of counsel that's raised on 2255. So what I'm trying to get at is at least for those categories of things, it seems like our case law is suggesting in the rule 60 context, that you don't get to use a different number or different rule or different statute to bring those habeas or direct appeal challenges. Your honor, they are brought part and parcel has part of the package of these are extraordinary compelling reason. And that is just a narrow, narrow rule. It's a very high standard as the court stated in the first circuit in Ruba, Ruba, I can't pronounce that, that you look at this whole complex of circumstances and one alone may not be enough. The court could say, no, that you've already had that chance and, or maybe two are not enough. But when you put them all together, that you, it can consist, it can comprise a motion for compassionate release. You have to look at everything that the defendant has to offer. But the point is, the words are extraordinary and compelling reasons. And we have, there's a general agreement on the extraordinary and compelling reason standard. But the question here is, it is not an extraordinary and compelling reason that other attempts through collateral review and through habeas have failed. That that's not a compelling and the fact that you were able, unable to achieve relief through some other vehicle is not an extraordinary and compelling reason for compassionate relief. Because if it were, we would be sanctioning a complete circumvention and a complete end run around 2255. Would you, sorry, my time has expired. Would you want me to? Yeah, well, you have some rebuttal. May it please the court. I think there's a very important passage in this court's opinion in McCoy that really lays the foundation for why the defendant's functionally habeas claims should not be a basis for finding an extraordinary reason for compassionate release. In McCoy, this court said that the very purpose of the compassionate release statute is, quote, to allow for sentence reductions when there is not a specific statute that already affords relief, but extraordinary and compelling reasons, nevertheless, justify a reduction. The claims of the defendant is pressing their attacks on his conviction and challenge do have a specific statute, actually statutes that provide a remedy. And that is, was not the case for the change to the stack 924C penalties that was considered in McCoy. Both direct appeal and 2255 provide an avenue for relief. And when you look at the mechanisms that those statutes provide, they underscore the incompatibility with using compassionate release. For example, the defendant here has a claim that his attorney failed to subpoena a witness from the halfway house. That's a claim that doesn't translate into a, some sort of a fixed sentence reduction. If it's a successful and effectiveness claim, you've got to do over proceedings, which then lead wherever the new proceedings go. It doesn't make sense as a sentence reduction. And so in harmonizing the statutes, it makes perfect sense that when you have claims that are subject to direct appeal and 2255, those mechanisms should be used. And the compassionate release statute isn't an end run around them. And you see that in the sports cases about, for example, in the Supreme court's cases about rule 60, the rule civil procedure rule 60, and how it is harmonized with the limits on 2255, including here, successive limits. Um, so I think that that, um, that passage in McCoy is really goes to the heart of the problem the defendant has here. And the DC circuits recent opinion in Jenkins, which, uh, collected cases from the seventh circuit, the eighth, the sixth attempt, and the third, some, albeit unpublished, are in harmony with that. Um, I am familiar with the first circuit's opinion in Tranquill, the council has cited, and, um, in a nutshell, that's simply wrong. And this first circuit doesn't have the, the, um, reasoning that this court has in McCoy where it said that, um, compassionate releases to allow for sentence reductions when there's not a specific statute that already reports relief. Um, and that logic from this court fits perfectly with the overwhelming weight of authority that the DC circuit in Jenkins. Can you, can you help me understand the, the, the rule that you're proposing, um, to sort of distinguish this case from McCoy, right? So I can think of a couple of possibilities, but I, I'm interested in your take on, um, where the McCoy line is between sort of that instance of an extraordinarily long sentence and, um, a new statute which reflects a societal judgment, um, about the appropriate length of sentence for, for that type of an offense. Um, and the, the claims, at least that are pressed on appeal, um, you know, she talks about a long sentence, that's not something she ineffective assistance to counsel, the lean line of cases, sort of the procedure that you need to submit it to a jury or not, those types of direct or habeas appeal cases are habeas appeal issues. How would you have us define the line between those two? The way that I would, uh, define the line is that claims that attack the validity of the those are the mechanisms. And in McCoy, the statute, the change in the 924C penalties that the court was considering, uh, this court in McCoy recognized in the earlier opinion, uh, Jordan, that, um, the way that that statute applied was, um, that it only would give relief when you had a sentence that had not been imposed. And so in a defendant's case, you know, where there has, was a long final conviction, um, then, and nothing that upset that conviction and sentence, uh, there was no error. And so that's the, you know, I guess if I were boiling down, I'd be like, McCoy was dealing with a defendant who had a sentence where there was no error. Uh, and, but he was saying, look, they've changed dramatically the statutory penalties, and you should factor that into, uh, as an extraordinary and compelling reason. And McCoy said, you can do that. Um, McCoy did not say, well, rather, McCoy specifically said, if there's a specific statute that affords relief, then you've got to use that. And the compassionate release statute has to be read together with those statutory mechanisms, and they're not at war with each other. Um, and I think that's exactly right. And so is that another way of, I just want to make sure I'm understanding the, the, the rule here or that you're proposing to attack the validity of the conviction and sentence, right? Is, is that a, is that different or the same as saying it's cognizable on direct or habeas review? I think that's the same. Um, and as to the conviction challenges, I would say there's a harmony with, uh, for example, and your honor's opinion in web, and you were discussing a 404 motion that a defendant who is seeking in a 404 motion to challenge his conviction, that that just doesn't make sense, um, as a basis for a sentence reduction, um, or, uh, judge Thacker and unpublished case that you were sitting on earlier, uh, George last year, uh, which was a defendant saying, look, I'm really not guilty. I should have a reduced sentence at sentencing because of that. Courts don't do that. That once you get to sentencing, the validity of your conviction is final. There's, there are methods to attack your conviction, but when you're talking about a sentence reduction, we treat as given that you were guilty of the offenses that this court is about to sentence you for. And so those are a really clear example, I think, of where it does not make sense for compassionate reliefs to be incorporating conviction challenges. Um, but the same as I, I think is true of these sentencing challenges that are ones that, that as McCoy says, there are other specific statutory procedures to make those claims, uh, and direct appeal in 2255. And then I just go back to what we were discussing a moment ago. Are you, are you saying that the, um, um, an error in a conviction is per se not an extraordinary and compelling, um, circumstance or that it generally is not an extraordinary and compelling circumstance? Um, or are you saying that, that as a per se matter, um, attacks on the, um, validity of the conviction or the particular sentence, um, need to be raised through the normal processes of 2255 and direct appeal, certiorari, and habeas? I would say as to compassionate release attacks on the conviction, it's per se, you shouldn't be considering them. Uh, now I hasten to add that there are an abundant number of means, well-developed means for attacking your conviction. And so I'm not saying you can't do that as a defendant. Of course you can. So you're not advocating a crack in the door that says, well, if there's an injustice, uh, here, you can consider it or, or, or what have you. You say you, uh, you establish the injustice and habeas and get the specific forms of relief or the forms of relief and habeas may, um, may differ, um, from the form of release and same thing. It's not just the channels you go through, but it's the form of relief that might be available. Um, but you're arguing that these, these two vehicles should be kept as separate as possible because that's really what Congress intended, that Congress cannot have expressed, uh, compassionate release statute to suddenly just toss and chuck overboard all of those very finely tuned, um, criteria for being able to bring a successive habeas petition. And the Supreme Court has, you know, the Supreme Court has, um, has emphasized the importance of 2255 and not circumvented by artful pleading. So you're saying to us, please keep these two vehicles separate. Is that correct? Exactly right. And I think you can see it both in terms of the conflict and the statutory provisions, but you can also see it in terms of the remedy for many conviction challenges. The remedy is a do over the proceedings. It's not a sentence reduction. Yeah, you go to, you have a, have a remedy and, and habeas it's, it's very different because then you have a retrial. Um, uh, very often it's a retrial, but when you, when you deal with compassionate release, um, that's a very different remedy. Um, someone gets released and, and, and also there's a completely different temporal dimension, it seems to me. And that is that habeas is meant to test infirmities that led to the conviction and that habeas is meant to, um, test errors in a sentencing proceeding or test errors through ineffective assistance of counsel. And the compassionate release statute is designed and its focus is on a completely different temporal segment in the criminal justice process. And that is what, what, what developments, and I would say health, for example, and length of services among the chief of those, but what, what kind of post conviction developments have, um, make out a case for someone's conduct while in prison. Another part of it would be the length of time that someone served and at what time, at what age they're going to get out. Another, um, would be what kind of, uh, conditions, um, health conditions someone is, is suffering. And those are just a different set of inquiries from, um, habeas corpus, and they have a different set of procedures and they have a different set of remedies, but they are separate vehicles. I agree with that. And, uh, I think the court understands the government's position. I'm happy to address any questions the court has, but otherwise, uh, ask that you affirm. Counsel, you've, you've got some time for rebuttal. Yes, Your Honor. Uh, my client did press those claims in his motion, but the judge refused to look at them. He pressed the claim of the extraordinary long sentence and the criminal Can you point to me in your appellate brief where you allege the district court erred in considering the claim that was expressly made by your client that the, that un-extraordinary and, and extraordinary and compelling reason, um, for compassionate release was his, um, long sentence? Because when I look at your brief, I don't, I just don't see that. I would have to look for it, Your Honor. That'd be great. I mean, because the, the headline, I mean, you know, you can start by looking at the, the table of contents, um, and none of those say the district court erred by, um, failing to consider the argument that he had a long sentence. No, no, I, I, I understand the argument that, um, that, that maybe it was raised in the, in the district court in some manner, but, um, you know, we, we review the errors that you give to us. Um, and, and when I read the, the argument here, right, it's, they fail to consider the, the legal arguments, right? And, and that's the, the, the focus of the, the briefing, which is why it's sort of been the focus of the questioning here. I must say, if you didn't raise it, I can understand why, because, um, errors in sentencing, this is not a redo of a sentencing proceeding, that errors in sentencing can be raised on direct appeal. And my goodness, how many times have we reversed district courts for an inadequate explanation or for an unreasonable substantive, there's substantive unreasonableness can be raised on direct appeal, um, of, of failure to consider a defendant's, um, mitigating argument, mitigating evidence, but you have a whole host of things that amount to procedural unreasonableness and substantive unreasonableness. And there's a vehicle for raising all of that. And that is on direct appeal and on, um, and on, on habeas, but that goes, it seems to me, um, again, to the separateness of these two proceedings. Um, so I can understand why you wouldn't be, be raising that, that kind of, uh, that kind of question. And I might, I might, I might say, if what we're talking about here is an absence of process, um, I, um, as I've seen it, I've seldom, I don't see a whole lot of cases, um, where someone has had the ability to raise, has brought so many, has so many challenges. Ferguson has had multiple opportunities, including new trial motions in 2005, 2008, and 2009, uh, direct appeal motions for sentencing reductions and in 2008, 2016, 60B motions, motions for under 2255. Um, if, if what we're talking about here is some unfairness in the criminal justice system due to an absence of process, the number of proceedings that this frequent litigant has brought are astonishing. Your Honor, may I respond? Yes, you may. Your Honor, in the, um, when, when I'll submit to you the First Circuit cases, and in one of those cases, that defendant had the same charges of 2255. He had been before nine prior times, Your Honor. Uh, the issue here is that the bright line rule that the government is trying to impose is, um, it's in opposite to the purpose of the statute, which is to grant relief. It's one based on discretion, and it also would violate 28 CFR 944T. Uh, this case, this issue was discussed in, uh, by Judge Smith in the United States versus Spencer, who said that the defendant was able, she did not grant relief, but she at least considered the reason, Your Honor, because she said that the defendant could not get relief under 2255. No, the government, the government is, all the government is saying is that these are very separate mechanisms, and it is important that they be, um, kept, um, separate because they have a different set of ground rules, and they have a completely different set of standards, and a completely different set of remedies, and it's important to, um, not have everything scrambled up with everything else, but I do think you've, um, made your points, and I appreciate it, and if my colleagues have no questions, I would like to, um, thank you for your, for your argument. Thank you, Your Honor. Thank you.
judges: J. Harvie Wilkinson III, Stephanie D. Thacker, Julius N. Richardson